RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California Bar No. 112520
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Email:Melanie.Pierson@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>SEBASTIAN GUTHERY (2),<br><br>　　　　Defendant. | Case No.: 23cr179-TWR<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO TRAVEL INTERNATIONALLY** |

After pleading guilty to a felony offense involving Customs fraud related to the importation of kratom, defendant Guthery now seeks permission to travel to Indonesia, a country that does not have an extradition treaty with the United States. This request should be denied, as there is no compelling reason for such travel. Sentencing is two and a half months away. If the court accepts the defense recommendation of probation, the defendant can then travel there shortly. Since the government cannot recommend more than a year and a day, any custodial period imposed will be brief. Both this court and the government have an interest in a final resolution of this case, which outweighs any interest the defendant has in travel to a country with no extradition treaty with the United States.

//

# I.
# STATEMENT OF RELEVANT FACTS

After Sebastian Guthery became sole owner of Nine2Five LLC in 2015, he employed his then-girlfriend, JP, to travel to Indonesia[1] and act as his agent to assist in arranging the purchase of the kratom and its transportation to the United States. JP worked in that capacity until her untimely death of a polydrug overdose (which included large amounts of kratom), in December of 2016.

Guthery paid Nine2Five LLC employees to open LLCs in which the employees were the sole members identified, which effectively concealed the involvement of Guthery and Nine2Five LLC[2]. Some of the employee's LLCs were used as the consignees to import the kratom, while others were used to open accounts for merchant processing of kratom sales. An LLC in the name of Guthery's former girlfriend JP, Procura Oils, was used to open a merchant processing account and another, Botanical K, was used as the return address for shipments of kratom purchased by undercover agents. An LLC in the name of JP's mother, Denspar Tile, was used as a consignee to import the kratom.

In 2019, in Nevada, Claudia Valladares Chevez ("Claudia") opened an LLC named Condor Global Service & Logistics, LLC ("Condor Global"), at an address in Carlsbad, California used by Nine2Five to receive mail[3]. On December 8, 2019, Condor Global was the consignee of a shipment of 13,220 kg of what was described as "fertilizer" from Indonesia, using the same harmonized tariff code used for the other shipments of kratom that Guthery had entered, falsely labeled as fertilizer.

Records obtained from a computer used at Guthery's kratom warehouse in Kansas revealed a number of emails written by Claudia. The emails, written in May of 2019, discuss what documentation was needed to create an account at a Customs brokerage for

---

[1] During the conspiracy alleged in the indictment, Guthery purchased all his kratom in Indonesia.
[2] These LLCs were filed in Nevada, all with the assistance of IH, an attorney who had lost his license to practice years earlier after being convicted of a drug-related felony offense.
[3] This LLC, opened with the assistance of IH, was dissolved in mid-2021.

"Farmland, Inc." to import items to the address of Guthery's Kansas warehouse. A company named "Farmland" would not raise the suspicions of Customs inspectors for importing "fertilizer," which was the false name that Guthery had used to import his kratom.

It is unknown whether Condor Global was used to process credit card purchases of kratom, as Guthery moved his merchant processing out of the United States during that period, after learning of the existence of a government investigation of his finances. A witness stated that Guthery called and "he said that his lawyers were telling him that his option -- he was probably – if he didn't leave he was gonna be arrested and he just had his baby and he was choosing to flee instead." The witness advised that Guthery left the United States for Costa Rica within a week.

On July 10, 2023, the day that trial was set to commence, Guthery pled guilty to Customs fraud (18 USC 542), and his firm, Nine2Five, LLC pled guilty to money laundering (18 USC 1957). Sentencing was set for October 6, 2023.

Guthery now seeks permission to travel for a month to Indonesia, a country that does not have an extradition treaty with the United States, although sentencing is but two and a half short months away.

Guthery's stated purpose for travel to visit Claudia, who he describes as his "partner" and the mother of his child. However, according to Claudia's mother, who was interviewed in March of 2023, her daughter had ended her relationship Guthery permanently and Guthery did not respect her daughter. The mother stated that Claudia was presently in Honduras helping her sister, but planned to return to the United States in the next month. Claudia's mother lives in Florida, where she had owned a Cuban coffee shop, which Claudia helped her close in February of 2023. She was interviewed by agents who were trying to locate Guthery after he was indicted. The mother made no mention of any need for care for Claudia's father. A copy of the memo of interview of the mother is attached as Exhibit 1.

About a month after the agent's interviewed Claudia's mother, Guthery was arrested at the airport[4] after returning to the United States. Guthery returned to the United States after the government advised his attorneys of the existence of the sealed indictment.

## II

## POINTS AND AUTHORITIES

The defense argues that since Guthery returned to the United States after learning of the charges, he will not flee now. However, the "fact that defendant did not flee, despite opportunity to do so, is not indicative that he will not do so in the future." *United States v. Birges*, 523 F. Supp. 468, 471 (D. Nev. 1981), cited within *United States v. Vargas*, 2018 WL 3419252, at *1 (D. Nev. July 13, 2018).

On issues of bail after a guilty plea has been entered, under 18 USC 3143, the burden shifts to the defendant to show by clear and convincing evidence that he is not a flight risk or a danger to the community. *United States v. Wheeler*, 795 F. 2d 839, 840 (9th Cir.1986). In seeking to modify the conditions of bond to allow him to travel internationally after his plea of guilty plea, Guthery has not met this burden. Guthery seeks to travel to Indonesia, a country with no extradition treaty with the United States, and the very place where he obtained all the kratom that he illegally imported into the United States. The defendant provides no compelling reason for the requested bond modification, with sentencing so close at hand.

While the defense argues that there is no risk of flight or danger to the community because the defendant will continue to be supervised by pretrial services, "supervision" at such a distance is simply a legal fiction. In recognition of this fact, courts in this district routinely waive supervision of defendants who are outside of the United States.

Mr. Guthery states that he wishes to go to Indonesia to avoid the burden of travel for his partner Claudia, their child and Claudia's father. There are no known barriers to

---

[4] Guthery requested that he be allowed to enter the United States and surrender to the court a few days later, but this request was denied.

travel to the United States for Claudia and her child, other than her stated desire to continue caring for her father. No documentation was provided regarding the father's medical condition, and Claudia's mother made no mention of her daughter providing such care when interviewed in March. According to the motion, a caregiver in Indonesia has been employed to assist Claudia's father who is providing "exceptional" care at an affordable rate. No explanation has been provided regarding why this caretaker could not provide full time care for a period to allow Claudia and her daughter to travel to the United States.

Guthery may argue that it would be unaffordable for him to bring these individuals to the United States. Yet this is the same man who earlier told this court that there was no need for the standard condition of release regarding maintaining full time employment[5] because he had plenty of funds to support himself and wished to spend his time instead focused on assisting in the preparation of the case for trial. Surely a man with no need for employment has the means to hire help for the 18 hours[6] of travel it would take for them to come to the United States? After they arrive in the United States, Guthery himself could assist in caring for them, since he is not otherwise occupied with work.

Guthery attempts to paint a misleading picture for the court of a longstanding family unit, consisting of himself, his partner Claudia, his daughter, and Claudia's father, that his sole wish is to rejoin. This description is refuted by Claudia's mother, who told federal agents a month before Guthery appeared in San Diego that Guthery and her daughter were no longer a couple, that her daughter had been in Florida helping her a month earlier and she expected her back in Florida shortly. Claudia's mother described her daughter as living with her sister in Honduras, not in a house with Guthery in Indonesia. To the extent that the household described by Guthery exists, it must be of very recent origin (one month prior to his arrest) if the statements of the mother, who has no known reason to provide false information, are accurate. Moreover, Guthery seeks to

---

[5] The court granted the motion and permitted Guthery to remain on bond without seeking employment.
[6] www.travelmath.com

visit a person who was involved in his kratom importation business (demonstrated by her participation in Condor Global, which imported at least one shipment of "fertilizer" that likely was kratom). The facts suggest that any "partnership" between Guthery and Claudia is more of a business nature than a personal one.

Sentencing is two and a half months away. If the court accepts the defense recommendation of probation, the defendant can then travel there shortly. Since the government cannot recommend more than a year and a day, any custodial period imposed will be brief. Both this court and the government have an interest in a final resolution of this case, which outweighs any interest the defendant has in travel to a country with no extradition treaty with the United States. The defendant has shown no compelling reason to support his need to travel, especially given the short period before sentencing.

## III
## CONCLUSION

For the foregoing reasons, the Defendant's request to travel internationally to Indonesia, a country with no extradition treaty with the United States, should be denied.

DATED: July 24, 2023

                Respectfully submitted,

                RANDY S. GROSSMAN
                United States Attorney

                MELANIE K. PIERSON
                Assistant U.S. Attorney