**BARNES & THORNBURG LLP**
Charles La Bella (SBN #183448)
CLaBella@btlaw.com
Andrew P. Young (SBN #326540)
andrew.young@btlaw.com
C. Julian Kennedy, (SBN# 342831)
jkennedy@btlaw.com
655 West Broadway, Suite 1300
San Diego, CA 92101
Telephone:  619-321-5000
Facsimile:  310-284-3894

Attorneys for Defendant
Sebastian Guthery

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NINE2FIVE, LLC (1),<br>SEBASTIAN GUTHERY (2),<br><br>Defendants. | Case No. 3:23-cr-00179-TWR<br><br>**MOTION FOR ISSUANCE OF SUBPOENA DIRECTING THE FDA TO PRODUCE DOCUMENTS FOR INSPECTION IN ADVANCE OF THE EVIDENTIARY HEARING ON JANUARY 11, 2024** |

Defendant Sebastian Guthery, by and through his attorneys, and pursuant to Federal Rule of Criminal Procedure 17(c), Local Criminal Rule 17.1(b), and the Sixth Amendment to the United States Constitution, moves the Court for permission to serve on the Food and Drug Administration ("FDA") a subpoena duces tecum with a return date sooner than the evidentiary hearing on January 11, 2024. Specifically, the subpoena requests documents to be produced to the Defendant and his counsel, on or before January 4, 2024 at 10:00 AM.

Mr. Guthery cites several grounds for requesting the subpoena and the earlier return date. First, the United States Attorney's Office and the FDA (collectively "the government") have made the information requested in the subpoena a central issue in this case. Second, there were prior motions to quash and refusals by the government to respond to subpoenas requesting similar information. Declaration of Andrew Young ("Young Decl.") ¶ 4, Ex. 2. Third, the United States Attorney's Office ("USAO") has refused to accept service on behalf of the FDA. *Id*. at Ex. 5. And fourth, the apparent refusal by the government to provide the requested documents regarding kratom as part of the government's obligations under Rule 16 and *Brady*. *Id.* ¶ 6.

The Court should order a return date for the subpoena that allows the parties appropriate time to evaluate the responsive material before conducting a hearing. Alternatively, and in addition, the Court should order the USAO to provide the material in advance of the hearing themselves. Not doing either would leave the parties with no time to prepare arguments to assist the Court in determining whether kratom is dangerous. This could force the Court to make decisions about kratom without considering necessary facts. Given the importance of the requested documents to Mr. Guthery's sentencing, the unsubstantiated efforts by the government to paint kratom as dangerous, and their refusal to provide the evidence to back up their assertions, leaves Mr. Guthery with limited options to ensure a fair hearing.

The documents requested from the FDA as stated in Attachment A to the proposed subpoena, a copy of which is attached to the declaration of Andrew Young in support of this motion as **Exhibit 1**[1] are as follows:

1. All documents relating to whether kratom was marketed as or in a dietary supplement prior to October 15, 1994.

2. All documents relating to whether kratom is present in the food supply in a form in which it has not been chemically altered.

3. All documents FDA reviewed or relied upon relating to its position that the consumption of kratom will specifically cause any of the following individual health risks noticed in the FDA's import Alert 54-15:

- respiratory depression;
- nervousness;
- agitation;
- aggression;
- sleeplessness;
- hallucinations;
- delusions;
- tremors;
- loss of libido;
- constipation;
- skin hyperpigmentation;

---

[1] According to FDA Regulations, any request for records of the FDA, whether it be by letter *or by a subpoena duces tecum* or by other writing, shall be handled pursuant to the procedures established in Subpart B. 21 C.F.R. § 20.2(a) (emphasis added). Under subpart B, the FDA handles subpoenas duces tecum in accordance with procedures for the production of all agency records pursuant to FOIA. 21 C.F.R. § 20.2(b). *See S.E.C. v. Selden*, 445 F. Supp. 2d 11, 14 (D.D.C. 2006) (denying FDA's motion to quash subpoena because "FDA must treat subpoenas as requests for documents pursuant to its *Touhy* regulations and respond in kind.")

- nausea;
- vomiting;
- sever withdrawal signs and symptoms

4. All documents stating, referencing or relating to the amount of kratom that must be consumed before an individual could experience each of the specific health risks listed below that are identified in FDA's Import Alert 54-15:

- respiratory depression;
- nervousness;
- agitation;
- aggression;
- sleeplessness;
- hallucinations;
- delusions;
- tremors;
- loss of libido;
- constipation;
- skin hyperpigmentation;
- nausea;
- vomiting; and,
- sever withdrawal signs and symptoms

5. All documents relied upon by FDA to support the statements on FDA's website, "FDA and kratom" https://www.fda.gov/news-events/public-health-focus/fda-and-kratom, dated 7/21/2023, specifically including the following statements:

- "Kratom is not appropriate for use as a dietary conventional supplement. FDA has concluded from available information, including scientific data, that kratom is a new dietary ingredient for which there is inadequate information to provide reasonable assurance that such ingredient does not present a significant

or unreasonable risk of illness or injury and, therefore, dietary supplements that are or contain kratom are adulterated under section 402(f)(1)(B) of the FD&C Act. Further, FDA has determined that kratom, when added to food, is an unsafe food additive within the meaning of section 409; food containing an unsafe food additive, such as kratom, is adulterated under section 402(a)(2)(C)(i). Based on these determinations by FDA, kratom is not lawfully marketed as a dietary supplement and cannot be lawfully added to conventional food."

- "In rare cases, deaths have been associated with kratom use, as confirmed by a medical examiner or toxicology reports. However, in these cases, kratom was usually used in combination with other drugs, and the contribution of kratom in the deaths is unclear."

- "FDA is also aware of cases involving neonatal abstinence syndrome, in which newborns experienced withdrawal signs such as jitteriness, irritability, and muscle stiffness following prolonged exposure to kratom prior to birth."

6. All documents referencing or related to information that kratom does not present a serious risk of illness or injury.

7. All studies, research reports or data, whether published or not, and all documents related to such studies, research reports or data, analyzing or reviewing kratom, including any studies, research reports or data in which FDA has participated in or funded, in whole or in part.

8. All documentation or correspondence between and among FDA, the United States Department of Health and Human Services ("HHS"), National Institute of Health ("NIH") (including the National Institute of Drug Abuse) and Drug Enforcement administration ("DEA") discussing, referencing or relating to kratom's safety profile.

9. All documents referencing or relating to any analysis conducted or reviewed by FDA on any food products that impact the same receptors as opioids in the brain.

10. All documents referencing or relating to kratom's use as a food product in Southeast Asia.

11. The scientific information, history of use, or other evidence relied on by the FDA to determine that no form of kratom was marketed as or in a dietary supplement prior to October 15, 1994.

12. The scientific information, history of use, or other evidence relied on by the FDA to determine that there is no form of kratom that is present in the food supply in which the kratom has not been chemically altered.

13. The basis by which FDA has determined that all possible forms of kratom-derived dietary ingredients consumed, according to all possible conditions of use, are deemed adulterated under section 402(f) of the Act.

This request is based upon this motion, the attached memorandum of points and authorities, the declaration of Andrew P. Young, and all evidence and pleadings in the Court's file.

Dated: December 6, 2023

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: */s/ Andrew Young*
Andrew P. Young
C. Julian Kennedy

Attorneys for Defendant
Sebastian Guthery

# **CERTIFICATE OF SERVICE**

I, Andrew P. Young, hereby certify that the foregoing was filed and served via the CM/ECF System.

Dated:  December 6, 2023          */s/ Andrew P. Young*
                                                              Andrew P. Young