**BARNES & THORNBURG LLP**
Charles La Bella (SBN #183448)
CLaBella@btlaw.com
Andrew P. Young (SBN #326540)
andrew.young@btlaw.com
C. Julian Kennedy, (SBN# 342831)
jkennedy@btlaw.com
655 West Broadway, Suite 1300
San Diego, CA 92101
Telephone:  619-321-5000
Facsimile:  310-284-3894

Attorneys for Defendant
Sebastian Guthery

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NINE2FIVE, LLC (1),<br>SEBASTIAN GUTHERY (2),<br><br>　　　　　Defendants. | Case No. 3:23-cr-00179-TWR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GUTHERY'S MOTION FOR ISSUANCE OF A SUBPOENA DIRECTING THE FDA TO PRODUCE DOCUMENTS FOR INSPECTION IN ADVANCE OF THE EVIDENTIARY HEARING ON JANUARY 11, 2024** |

# I.
# **INTRODUCTORY STATEMENT**

Defendant Sebastian Guthery asks this Court for a subpoena to the Food & Drug Administration ("FDA"). Mr. Guthery is entitled to this subpoena because it requests the FDA to produce discoverable information related to the alleged dangers of kratom, an issue that is central to Mr. Guthery's sentencing. Mr. Guthery requests leave to issue the subpoena because he is seeking a return date that precedes the evidentiary hearing and a return location other than the Court. This information is directly relevant to his defense against the government's allegation that the substance he imported into the United States, kratom, is a dangerous drug and that it contributed to the death of others. Declaration of Andrew Young ("Young Decl.") ¶ 5.

# II.
# **FACTUAL BACKGROUND**

Prior to trial, Mr. Guthery issued a valid subpoena to the FDA. Young Decl. ¶ 4. The FDA responded with a letter objecting to the subpoena and identifying points of disagreement with the subpoena. The letter, dated June 28, 2023 is attached as **Exhibit 2** to the declaration of Andrew Young in support of this motion. The United States Attorney's Office ("USAO") also moved to quash that subpoena based, in part, on assertions that service was improper and that Mr. Guthery did not follow the appropriate *Touhy* guidelines. *See* ECF #48. As shown below, the FDA's and the USAO's (collectively "the government") arguments against the subpoena lacked merit. Young Decl. ¶ 3 and ¶ 4, and at Ex. 3. Ultimately, the issue was rendered moot by the Court's pretrial rulings.

At least one issue – the alleged dangers of kratom – has ripened again. The Court continued the sentencing hearing on November 9, 2023, and directed the parties to prepare for an evidentiary hearing to make a factual determination as to whether kratom is in fact dangerous. *Id.* ¶ 2 and ¶ 5. That hearing is scheduled for January 11, 2024. *Id.*

¶ 2. Thus, Mr. Guthery intends to subpoena the FDA for documents that either support or undercut the government's claims about the dangers of kratom. Because Mr. Guthery's prior attempt to subpoena the FDA was met with resistance, Mr. Guthery justifiably fears that the FDA will again attempt to quash the subpoena requested herein. *Id.* ¶ 4. To address these potential procedural issues, Mr. Guthery is requesting that the return date precede the evidentiary hearing by one-week (as opposed to the date of the hearing) with the materials returnable to Mr. Guthery's Counsel (as opposed to the Court). These requests necessitate this motion. *Id.* ¶ 7.

Of note, Mr. Guthery has made a *Brady* request to the government for the same materials. *Id.* ¶ 6. The USAO has not provided them.[1] *Id.* at Ex. 6. In the *Brady* request, Mr. Guthery also notified the USAO that he intended to subpoena the FDA and asked counsel for the USAO to accept service on the FDA's behalf. The USAO declined the request to accept service. *Id.* at Ex. 5.

### III.

### THE COURT SHOULD GRANT THE REQUEST TO ISSUE THE RULE 17 SUBPOENA TO THE FDA WITH AN EARLY RETURN DATE WITH THE MATERIALS TO BE PRODUCED TO THE DEFENDANT DIRECTLY

**A. A subpoena is an appropriate mechanism to obtain materials from the FDA**

Mr. Guthery's request for documents from the FDA is proper. The Code of Federal Regulations prescribes the process the FDA follows for record requests and provides in relevant part that "any request for records of the FDA, whether it be by letter or by *a subpoena duces tecum* or by other writing, shall be handled pursuant to the procedures established in Subpart B." 21 C.F.R. § 20.2(a) (emphasis added). Under Subpart B, the FDA "will make the fullest possible disclosure of records to the public"

---

[1] The government sent undersigned counsel an additional email on December 1, 2023, stating that the FDA declined to provide the USAO "with witnesses or documents to support our position, as well as witnesses and documents that might be inconsistent with our position." Young Decl. at Ex. 6.

and will only withhold requested information if it is prohibited by law or if "disclosure would harm an interest protected by an exemption described in this part." 21 C.F.R. § 20.20(a) and (c).

Disclosure of the documents requested by Mr. Guthery is not prohibited by law and does not implicate the exemptions listed under Subpart D. These include, among others, trade secrets, FDA personnel files, records compiled for law enforcement purposes, and records detailing threats to national defense or foreign policy. 21 C.F.R. §§ 20.60 – 20.67. In other words, the FDA handles subpoenas duces tecum in accordance with procedures for the production of all agency records pursuant to FOIA. 21 C.F.R. § 20.20. *See S.E.C. v. Selden*, 445 F. Supp. 2d 11, 14 (D.D.C. 2006) (denying FDA's motion to quash subpoena because "FDA must treat subpoenas as requests for documents pursuant to its *Touhy* regulations and respond in kind.") To the extent that any of the documents requested by Mr. Guthery implicate any of the exemptions listed, the FDA may properly withhold certain documents, while still being required to disclose all remaining records requested.

Finally, the FDA has also produced guidance that service of a subpoena duces tecum on the FDA should be completed via email. The FDA's website, through the office of its general counsel describes that "email service Email service of subpoenas on the Food and Drug Administration under Rule 45 of the Federal Rules of Civil Procedure is also preferred and is currently accepted on business days between 9 am – 5 pm ET." Young Decl. ¶ 4, and at Ex. 4. As such, the attempts by the government in the motion to quash the prior subpoena on the basis that service was improper are inappropriate.

**B. The subpoena seeks relevant and admissible evidence.**

Mr. Guthery seeks this pre-trial subpoena to obtain relevant documents to prove that (a) kratom is not dangerous, and (b) that the government did not rely on any

particular evidence to substantiate its assertions that kratom is dangerous. Mr. Guthery also believes that the FDA possesses evidence tending to prove that kratom is not a dangerous substance. The Court has indicated that it intends to make its sentencing decision in Mr. Guthery's case based to a significant extent on whether the substance Mr. Guthery imported is to be considered harmful or dangerous to others. Young Decl. ¶ 3. To make this determination, Mr. Guthery expects the Court will want to evaluate all relevant evidence tending to prove, or disprove, that kratom is a dangerous substance.

Moreover, Mr. Guthery expects that the material requested in his subpoena to the FDA, specifically laid out in Attachment A to Exhibit 1 to the declaration of Andrew Young, will assist him in proving to the Court that kratom is not dangerous. To access this potentially exculpatory evidence, Mr. Guthery requires the documents requested in the subpoena.

Rule 17 of the Federal Rules of Criminal Procedure "governs the issuance of subpoenas duces tecum in federal criminal proceedings." *United States v. Nixon,* 418 U.S. 683, 697-98 (1974). Rule 17(c) provides in pertinent part that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them. Fed. R. Crim. P. l 7(c)(l).

This rule was intended to implement the Sixth Amendment requirement that the "full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the Government," by authorizing defendants to require the production of documents or other physical evidence prior to trial. *United States v. Beckford*, 964 F. Supp. 1010, 1016 (E.D. Va. 1997). *See also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 n.5 (1951) ("[T]here is a

provision in [Rule 17] that the court may, in the proper case, direct that [documents] be brought into court in advance of the time that they are offered in evidence, so that they may then be inspected in advance, for the purpose ... of enabling the party to see whether he can use [them] or whether he wants to use [them].") (citation omitted)). In *Nixon*, the Supreme Court enumerated several factors that trial courts evaluate to determine whether to direct the production of subpoenaed material:

(1) the evidentiary nature and relevance of the items sought;

(2) whether the items are not otherwise procurable through the exercise of due diligence;

(3) whether the movant cannot properly prepare for trial without advance production and inspection and whether the failure to obtain advance production will result in unreasonable delay at trial; and

(4) that the application is made in good-faith and not for general discovery purposes. Id. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335,338 (S.D.N.Y. 1952)).

The Court continued that "[a]gainst this background, the [moving party], in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon, 418 U.S. at 700. See also United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *United States v. Shabazz*, 995 F. 19 Supp. 1109, 1117 (D. Or. 1998). The specificity requirement "serves to prevent the subpoena from being converted into a license for ... a fishing expedition." *United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. 22 Kan. 1997) (citations and internal quotations omitted). Specificity also "provides the subpoenaed party ... with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility." *Id*. (citation omitted).  To satisfy relevancy, a moving party must show a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. "'Relevant evidence' means evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Admissibility requires that a moving party make a "sufficient preliminary showing that [the requested documents] contain[] evidence admissible with respect to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700.

Here, Mr. Guthery is seeking evidence from the FDA that meets the test prescribed in *Nixon*. First, the items sought are documents in the possession of a government agency regarding the way kratom was marketed, adverse health effects associated with kratom, and scientific information supporting the FDA's issued regulatory guidance regarding kratom. Young Decl. at Ex. 1. Such evidence would be directly relevant and admissible in tending to prove that kratom is not dangerous, and not considered to be so by the FDA.

Second, the items sought are not otherwise procurable for Mr. Guthery. He has requested the documents from the United States Attorney's Office. They have refused to provide them. *Id.* ¶ 6. Any alternative means of obtaining the evidence on which the FDA relied when issuing regulations is unknown to Mr. Guthery, especially when considering the shortened time window until the January hearing. *Id.* ¶ 7.

Third, Mr. Guthery clearly cannot properly prepare to defend the claim that kratom is dangerous, without access to the government's own evidence to support this proposition. Mr. Guthery can and will supply evidence from other sources, but the purpose of the subpoena is to ensure that he is afforded an opportunity to present to the court a full picture of what the government has in its possession regarding the dangerousness of kratom.

Fourth, Mr. Guthery makes this request for the sole purpose of defending against accusations made by the government in their sentencing memorandum. Mr. Guthery's subpoena is narrowly tailored to evidence in the FDA's possession regarding kratom. *Id.* at Ex. 1. It does not seek other materials unrelated to the subject of the evidentiary

hearing. *Id.* Therefore, Mr. Guthery's request meets the requirements set out by *Nixon*, and the Court should grant his request to issue the subpoena.

### C. The Government's objections to the subpoena served in June have no merit or do not apply to the subpoena proposed here.

In a letter dated June 28, 2023, the FDA identified multiple areas of objection to a subpoena requested by Mr. Guthery. The USAO also moved to quash the subpoena. *See* ECF 48. The objections raised in the letter and the motion to quash are not valid or do not apply to the subpoena Mr. Guthery requests here.

First, the FDA objects that the subpoena does not comport with 21 C.F.R. Section 20.1. Young Decl. at Ex. 3. This section is with respect to testimony of an FDA employee. Mr. Guthery is not requesting anyone from the FDA to testify at the hearing, only that responsive documents are produced. Second, the FDA objects that the subpoena did not comport with Rule 17. *Id.* As shown above, Mr. Guthery has satisfied the factors identified in *Nixon* and is otherwise entitled to the material requested. This objection therefore lacks adequate bases for renewal.

Third, the FDA states that it cannot disclose trade secrets or confidential commercial information. *Id.* Of note, in the letter the FDA does not state that the information requested by Mr. Guthery implicates trade secrets or confidential information, nor does Mr. Guthery intend to use this subpoena to obtain such evidence. Rather, the concern the FDA raised is that it would need time to review the materials requested to see if trade secret concerns or the like are implicated. Mr. Guthery respectfully submits that this is not his burden and that if the government relies on information to bring an indictment, it should supply whatever evidence it relied on to that effect. Moreover, and to the extent that any requests of Mr. Guthery's are protected, Mr. Guthery does not object to the government providing appropriately redacted documents or holding back some of the information requested where necessary.

Fourth, the letter states some material may be privileged as internal communications to the FDA's "pre-decisional deliberative process". *Id.* To the extent Mr. Guthery's request infringes on privileged material, Mr. Guthery does not object to appropriate redactions or withholdings where necessary. Again, this would not excuse the government from providing all other materials as requested.

Fifth, the FDA states that the material is available from other sources. *Id.* This objection is not relevant to the subpoena sought. Mr. Guthery is requesting information regarding the FDA's basis for the claim that kratom is dangerous. There is no such evidence available from other sources as it directly relates to the FDA's decision making process regarding import alert 54-15.

The government makes additional objections that the subpoena is unreasonable, oppressive, and does not provide enough time for production. *See Id.* at Ex. 3 and ECF #48. These do not serve as a justifiable basis for preventing Mr. Guthery from reviewing documents related to the governments underlying reasons for issuing an indictment. If the government simply provided a handful of documents that show or purport to show that the government had a basis for describing kratom as dangerous, Mr. Guthery would likely not be filing this motion. The way things stand, however, the government has brought the burden of producing relevant documents on itself. And it cannot be Mr. Guthery who conducts the government's own evidentiary reviews for them.

## V.
## CONCLUSION

Mr. Guthery has shown the "relevancy, admissibility and specificity of the documents requested" in the subpoena. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981). Mr. Guthery has further shown that the FDA and the United States Attorney's Office, not Mr. Guthery, have made the dangerousness of kratom a central issue in this case. Accordingly, Mr. Guthery respectfully requests that the Court grant

his request to issue the attached pretrial subpoena and order that the government produce the documents in their possession that support their assertion that kratom is dangerous.

Dated: December 6, 2023

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: */s/ Andrew Young*
Andrew P. Young
C. Julian Kennedy

Attorneys for Defendant
Sebastian Guthery

## **CERTIFICATE OF SERVICE**

I, Andrew P. Young, hereby certify that the foregoing was filed and served via the CM/ECF System.

Dated:  December 6, 2023                  */s/ Andrew P. Young*
                                                                   Andrew P. Young