**BARNES & THORNBURG LLP**
Charles La Bella (SBN #183448)
CLaBella@btlaw.com
Andrew P. Young (SBN #326540)
andrew.young@btlaw.com
C. Julian Kennedy, (SBN# 342831)
jkennedy@btlaw.com
655 West Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-321-5000
Facsimile: 310-284-3894

Attorneys for Defendant
Sebastian Guthery

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NINE2FIVE, LLC (1), <br> SEBASTIAN GUTHERY (2), <br><br> Defendants. | Case No. 3:23-cr-00179-TWR <br><br> **DECLARATION OF ANDREW P. YOUNG IN SUPPORT OF GUTHERY'S MOTION FOR ISSUANCE OF A PRETRIAL SUBPOENA DUCES TECUM** |

I, Andrew P. Young, declare as follows:

1. I am an attorney licensed to practice law before this Court. I am a partner at Barnes & Thornburg LLP, counsel of record for Defendant Sebastian Guthery and Nine2Five LLC. If called as a witness in this action, I am competent to testify of my own personal knowledge as to the matters set forth in this declaration.

2. Attached to this declaration as **Exhibit 1** is a subpoena duces tecum and Attachment A thereto. The subpoena is directed to the Food and Drug Administration ("FDA") and requests evidence material to Mr. Guthery's defense at an evidentiary hearing before this Court on January 11, 2024.

3. The documents sought in the subpoena are evidentiary and relevant. In the Indictment, the government alleges that Mr. Guthery illegally imported kratom. The government further alleges that on or about February 28, 2014, the FDA issued Import Alert 54-15, which was in effect at all times relevant to the allegations in the Indictment, directed inspectors to detain products that appeared to contain kratom, and to deny them entry into the United States. A true and correct copy of Import Alter 54-15 is attached as **Exhibit 4.** These allegations serve as the foundation of all charges against Mr. Guthery, specifically that the alleged importation and sale of kratom was illegal as a result of FDA guidance.

4. In advance of trial, my office served a pre-trial subpoena to the FDA via email requesting documents pertaining to kratom and Mr. Guthery to defend against any claims by the government that kratom was dangerous at trial. The government moved to quash that subpoena (ECF #48) and the FDA did not provide the requested documents. A true and correct copy of the FDA's letter in response to the subpoena is attached as **Exhibit 2.** The FDA's own website, in a section pertaining to the office of chief legal counsel, provides a link to a document describing that service of subpoena's on the FDA is preferred to be done via email, to the address: OCOCCFDASubpoenaServiceMailbox@fda.hhs.gov. A true and correct copy of this document is attached as **Exhibit 3.** The FDA and the government may move to quash

the subpoena requested in this motion, making a return date before the evidentiary hearing an appropriate request, so Mr. Guthery has time to respond in the event that the information he requests is not provided.

5. At the sentencing hearing on November 9, 2023, the Court heard the government reiterate their position that kratom is a dangerous drug. In its sentencing memorandum the government argued that kratom contributed to the death of a person associated with Mr. Guthery (ECF #83). Mr. Guthery contends that the government cannot and has not produced evidence showing that kratom is dangerous.

6. On November 27, 2023, I sent an email to the government requesting that they produce any discovery information, including *Brady* material, regarding kratom, including the documents Mr. Guthery is requesting from the FDA in the subpoena. Counsel for the government responded that they are not authorized to accept service on behalf of the FDA. A true and correct copy of this email exchange is attached as **Exhibit 5**. The government has not otherwise made available to Mr. Guthery any evidence that supports its claims that kratom is dangerous. On December 1, 2023, government counsel sent an email stating that the FDA had refused to provide "witnesses or documents to support our position, as well as witnesses and documents that might be inconsistent with our position." A true and correct copy of this email is attached as **Exhibit 6.**

7. The documents sought are not otherwise reasonably procurable in advance of the evidentiary hearing on January 11, 2024 by exercise of due diligence. Further, the documents sought are the type of business records that FDA can easily retrieve and produce for pretrial review.

8. Mr. Guthery cannot properly prepare for the hearing without such production and inspection in advance of the evidentiary hearing. The request for the subpoena is made in good faith and is not intended for the purpose of general discovery.

Respectfully Submitted,

Dated:  December 6, 2023        By:  */s/ Andrew Young*
                                     Andrew P. Young