# Exhibit 2

Exhibit 2

**FDA U.S. FOOD & DRUG ADMINISTRATION**
OFFICE OF REGULATORY AFFAIRS

June 28, 2023

VIA ELECTRONIC MAIL
Andrew P. Young
Barnes & Thornburg LLP
655 West Broadway, Suite 1300
San Diego, CA 92101
andrew.young@btlaw.com

    Re:    Subpoena issued in *United States of America v. Nine2Five, LLC and Sebastian Guthery*, Case No. 23-CR0179-TWR

Dear Mr. Young:

This letter responds to the third-party subpoena that you issued to the United States Food and Drug Administration (FDA) in the above-referenced matter, dated June 20, 2023, received June 21, 2023, which cited Rule 17(c) of the Federal Rules of Criminal Procedure as authority. For the reasons set forth below, FDA objects to this subpoena.[1]

The subpoena requests nine broad categories of documents without a specific time frame:

- All documents relating to Guthery.

- All communications with any other person relating to Guthery.

- Any internal notes taken, written, and/or transcribed relating to Guthery.

- All documents reflecting the names of FDA employee(s) and/or representative(s) with knowledge or information relating to Guthery.

- All documents relating to Nine2Five.

- All communications with any other person relating to Nine2Five.

- Any internal notes taken, written, and/or transcribed relating to Nine2Five.

- All documents reflecting the names of any FDA employee(s) and/or representative(s) with knowledge or information relating to Nine2Five.

- All presentation materials prepared in connection with Import Alert 54-15.

FDA has not yet had the opportunity to collect and review all the documents that may be responsive to your request. Based on our initial assessment, it appears that the FDA regulations, the Federal Rules of Criminal Procedure, federal statutes, and discovery privileges may prevent FDA from disclosing some, if not all of the requested documents to you. It is also unclear from the subpoena if you are requesting testimony from an FDA employee regarding the requested documents at the trial date. Regardless, the subpoena attempts to command FDA to comply with your request by July 10, 2023, at 9:00 AM.

---

[1] Because FDA has not completed its review of potentially responsive documents, this written objection may not include all possible bases for objection. FDA reserves the right to additional bases for objecting to the disclosure of the requested documents.

I also note the following additional issues with this subpoena.

### 1. The Subpoena Does Not Comport with 21 C.F.R. § 20.1

With respect to your request for testimony, FDA objects to your request because you have failed to conform to, or meet the standard set forth in, 21 C.F.R. § 20.1, the regulation that governs requests for the testimony of FDA employees. The regulation requires that any person who desires testimony from an FDA employee submit a written request, verified by oath, to the Commissioner with an explanation of: (1) your interest in the matter sought to be disclosed; (2) the use to which such testimony will be put in the event of compliance with such request; (3) how the testimony will be in the public interest; and (4) how such testimony will promote the objectives of the Federal Food, Drug, and Cosmetic Act and the FDA. *See* 21 C.F.R. § 20.1(c). In its current form, the subpoena does not meet these criteria.

### 2. The Subpoena Does Not Comport with Rule 17(c)

Rule 17(c) of the Federal Rules of Criminal Procedure governs subpoenas seeking records for use at trial,[2] and it is well settled that trial subpoenas may not be used merely as a means of obtaining discovery in criminal cases. *See, e.g., Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery"); *United States v. Nixon*, 418 U.S. 683, 698-700 (1974); *United States v. Morris*, 287 F. 3d 985, 991 (10th Cir. 2002); *United States v. Murray*, 297 F. 2d 812, 821 (2d Cir. 1962), *cert denied*, 369 U.S. 828 (1962); *Gilmore v. United States*, 256 F. 2d 565, 567 (5th Cir. 1958) ("subpoena duces tecum is not a discovery weapon"); *United States v. Scovis*, 743 Fed. Appx. 795, 800 (9th Cir. 2018). "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980), *cert denied*, 449 U.S. 1126 (1980). Federal courts have long recognized the heavy burden on the issuer of a Rule 17(c) subpoena to demonstrate: "(1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) he cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the subpoena was issued in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699-700; *United States v. Krane*, 625 F. 3d 568, 574 (9th Cir. 2010) (quoting *Nixon*).

Your client has not demonstrated that the *Nixon* factors have been satisfied, either to FDA or to the trial court. It is our understanding that discovery has been provided by the United States Attorney's Office for the Southern District of California in this case, and that the Assistant United States Attorneys assigned have a duty to produce relevant discovery and/or *Brady*, *Jencks*, and *Giglio* material on a continuous basis. If you or your client believe there are outstanding discovery issues in your case, FDA asks that you address those matters with the assigned Assistant United States Attorneys.

Further, on its face, the subpoena is overbroad and unduly burdensome, especially with the subpoena's command that FDA comply by July 10, 2023. Based on the limited information you

---

[2] Pursuant to FDA's regulations, FDA will address any request for records through 21 C.F.R. § 20.2(a) but will consider and incorporate limitations that otherwise would apply to disclosing the materials requested in your subpoena.

Case 3:23-cr-00179-TWR Document 110-4 Filed 12/06/23 PageID.1018 Page 4 of 6
United States of America v. Nine-Five, et al., Case No.
CR0179-TWR

have provided in the subpoena, the requested search involves an unknown amount of custodians, locations, and document repositories. And, as addressed below, the requests involve records that may contain trade secrets, confidential commercial information, privileged information, or other information protected from disclosure under law or regulation. Responding to the subpoena as drafted would levy a substantial burden in time and resources to collect and review potentially responsive materials.

### 3. The FDA is Prohibited from Disclosing Trade Secret and Confidential Commercial Information

Pursuant to 21 U.S.C. § 331(j), FDA is prohibited from producing any portion of the documents you requested that contains trade secret information acquired under certain Federal Food, Drug, and Cosmetic Act authorities. In addition, the Trade Secrets Act, 18 U.S.C. § 1905, prohibits the release of trade secret and confidential commercial information ("CCI") unless otherwise authorized by law. FDA regulations provide that trade secret information and CCI are not available for public disclosure. *See* 21 C.F.R. § 20.61.

FDA will need adequate time to review and redact the responsive documents to ensure compliance with federal law. The extent to which the agency will be required to redact responsive documents prior to production, as well as the speed at which FDA will be able to produce these documents, may depend upon whether the owners of any trade secrets or CCI have authorized the release of such information. Please consider providing to FDA any waivers from the owners of any trade secrets or CCI that authorizes, with specificity, FDA to provide this information to you for use in the above-referenced case.

Based on FDA's experience with similar production requests, we expect that some testimony and/or documents from your proposed nine-item topic list may contain trade secret and/or confidential commercial information. FDA is prohibited from providing any portion of the testimony you requested that contains trade secret information, if any, under 21 U.S.C. § 331(j). As noted *supra,* the Trade Secrets Act, 18 U.S.C. § 1905, prohibits the release of trade secret and CCI unless otherwise authorized by law. Further, FDA regulations provide that trade secret and CCI are not available for public disclosure. *See* 21 C.F.R. § 20.61. Accordingly, FDA is unable to produce any responsive information that would reveal trade secret and/or confidential research, development, or commercial information.

### 4. The Records May Be Privileged

Based on FDA's experience with similar requests, we expect that some responsive documents may be privileged because they contain materials reflecting FDA's pre-decisional deliberative process. The deliberative process privilege protects materials that are part of the decision-making process of a government agency. The privilege extends to, among other things, "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). *See* 5 U.S.C. § 552(b)(5); 21 C.F.R. § 20.62; *Judicial Watch v. Dep't of Justice*, 20 F. Supp. 3d 260, 268 (D.D.C. 2014). *See generally, Kaiser Aluminum & Chem Corp. v. United States*, 157 F. Supp. 939 (Ct. Cl. 1958).

Courts have relied on the deliberative process privilege to shield from production pre-

decisional government documents that have been requested pursuant to a subpoena. *See, e.g., Chem. Weapons Working Group v. EPA*, 185 F.R.D. 1, 3-4 (D.D.C. 1999) (denying motion to compel production where release of the subpoenaed documents would likely stifle candid communication within the agency, lead to public confusion, and violate the integrity of the decision-making process). Accordingly, FDA objects to your requests to the extent they seek pre-decisional deliberative documents.

Similarly, to the extent that the subpoena seeks disclosure of materials that are, or contain, attorney-client communications, attorney work product, personal privacy information, privileged investigatory files, materials protected by grand jury secrecy, and/or other protected information, we object to disclosure on those bases as well.

### 5. Records and Information May Be Available from Other Sources

FDA also objects to the extent that the subpoena requests documents which, even if contained in FDA files, are available elsewhere. You request many documents that may be more readily available from other sources. *See* 21 C.F.R § 20.51. These requests fail to comport with the *Nixon* requirement that "the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence"

### 6. The Subpoena is Unreasonable, Oppressive, and Lacks Specificity

The subpoena is also unreasonable, oppressive, and lacks specificity. *See* Fed. R. Crim. Proc. 17(c)(2); 21 C.F.R § 20.50. As noted, your subpoena is quite expansive and potentially covers a vast number of documents over an unspecified time period, possibly involving a wide range of custodians, locations, and document repositories. As discussed above, your requests encompass documents that must be reviewed for trade secrets, CCI, and privileged material that is protected from release or disclosure under applicable statutes, regulations, and law. Thus, responding to your subpoena as currently drafted would require an unreasonable amount of time and FDA resources to collect, review, and redact potentially responsive documents for possible production.

### 7. The Date of Production Is Unreasonable

The subpoena directs the production of documents (and potentially testimony) within less than three weeks of your trial date. Based on our experience with similar requests, the requested production will require a significant amount of time and resources to locate, collect, and review potentially responsive documents. Accordingly, FDA objects to your subpoena because it fails to allow a reasonable amount of time to comply. Further, as potentially responsive documents may contain information that is privileged or otherwise protected from release or disclosure, FDA must carefully review every document to determine whether any or all the information must be withheld from production.

### 8. Conclusion

FDA is committed to working with you to resolve this matter and to produce documents in a manner that is consistent with federal law, regulations and procedures, FDA's commitments and obligations in other matters, and which does not subject the agency to an unreasonable burden. In order for you to obtain the requested documents from FDA more expeditiously,

we strongly encourage you to narrow the scope of your requests and prioritize the types of documents that you are requesting. We also ask that you conform the scope and substance of any requests to 21 C.F.R. Part 20, as well as the federal rules of criminal procedure.

FDA counsel and I would be happy to confer about these matters. I can be reached at ORAInfoShare@fda.hhs.gov.

Sincerely,

Steven J. Tave -S
Digitally signed by Steven J. Tave -S
Date: 2023.06.29 09:44:58 -04'00'

Steven Tave
Director
Office of Policy, Compliance and Enforcement
Office of Regulatory Affairs
U. S. Food and Drug Administration